UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ELSA GONZALEZ *on behalf of* Layla Rodriguez,

Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
-------------------------------------------------------------x

**ORDER**

25-CV-6844 (MKV) (JW)

**JENNIFER E. WILLIS, United States Magistrate Judge.**

Plaintiff Elsa Gonzalez filed this Complaint against the Commissioner of Social Security ("Defendant" or "SSA") on August 15, 2025. Dkt. No. 1. After Judge Vyskocil referred this case for Report and Recommendation, this Court ordered a briefing schedule. Dkt. Nos. 9-10. In relevant part, the schedule directed Commissioner to file a motion for judgment on the pleadings and the SSA administrative record by May 11, 2026. Dkt. No. 11 at ¶ 2. Plaintiff's opposition was due by July 10, 2026. Id. at ¶ 3. After *pro se* Plaintiff missed her deadline to oppose Commissioner's Brief, the Court gave her one more chance to respond by November 13, 2026. Dkt. No. 16. On November 9, 2026, Plaintiff sent the Court a letter explaining her lack of action. Dkt. No. 17.

Plaintiff had not previously been served copies of crucial documents in this case, including at least Dkt. Nos. 14, 15, or 16. These are the full Certified Administrative Record ("CAR"), the Commissioner's Motion for Judgment on the Pleadings, and the Court's October 13 Order asking Plaintiff to respond, respectively.

Separately, Plaintiff explains that she "was represented by a lawyer from the Law Offices of Daniel Berger" but "he withdrew his representation of my case." Dkt. No. 17. The Court notes for Plaintiff's awareness that no attorney has filed an appearance in this case. Plaintiff states she is seeking new legal representation to litigate the case. Dkt. No. 17. Plaintiff requests an extension to review and respond to the documents in this case, copies of which she may still not possess. Dkt. No. 17.

On November 12, 2026, after reviewing Plaintiff's Letter at Dkt. No. 17, SSA also filed a letter regarding service of papers. This letter admits that because SSA's "records mistakenly failed to identify this matter as a *pro se* case," the agency "neglected to mail copies of these filings to pro se Plaintiff at the address provided on the docket." Dkt. No. 18. SSA stated that it promptly took steps to correct the error and mail the Record and Commissioner's Brief to Plaintiff. Dkt. No. 18; Certificates of Service at Dkt. No. 19 and 20.

The Court is concerned that it took over a year after the Complaint was filed for SSA to realize Plaintiff was not represented. The docket makes clear that Plaintiff is *pro se*. So do multiple Court orders including the operative scheduling order at Dkt. No. 11. See also Dkt. Nos. 3, 6, 10, and 16. It is not clear if SSA believed Plaintiff was represented by the Law Offices of Daniel Berger or some other counsel, and if so, whether SSA served counsel with their brief and the CAR.

Regardless, the Court believes that Plaintiff's lack of action in this case was not intentional. Similarly, SSA's error appears to be clerical rather than a demonstration of bad faith. In keeping with the Second Circuit's preference to

decide cases on their merits, an extension for Plaintiff to review the records and seek representation is wholly justified.

As referenced in the SSA Complaint form Plaintiff submitted, the Court reminds Plaintiff of the New York County Lawyers Association's Social Security SDNY Project (https://www.nycla.org/resource/pro-bono/nycla-pro-bono-programs-for-new-yorkers/), reachable at 212-349-0900. See Dkt. No. 1 at 4; also attached.

## CONCLUSION

To allow Plaintiff to retain counsel and litigate this case on the merits, the Court orders the following:

1. **The Clerk of Court is respectfully directed to strike Dkt. No. 14, the SSA Administrative Record, from ECF.**
2. Commissioner is to meet and confer with Plaintiff to discuss her efforts to retain private counsel and the potential for mediation. Following this discussion, Commissioner should file a joint letter with the Court that i) proposes a deadline for counsel to appear in this case and ii) updates the Court on efforts to resolve the case. This letter should be submitted by **December 11, 2026.**
3. After reviewing this letter, the Court will issue a revised briefing schedule setting forth Plaintiff's new deadline to oppose Commissioner's motion and Commissioner's deadline to reply. To be clear, this schedule will apply to Plaintiff whether counsel appears on her behalf by the deadline or not.
4. Also after reviewing this letter, the Court will provide a deadline and further

directives for SSA to refile an updated CAR. At a minimum, Commissioner should ensure that this updated CAR includes or is accompanied by the following:

a. Citations of where information about Plaintiff's representation or *pro se* status is typically contained within SSA records;

b. An explanation as to how this matter was overlooked as a *pro se* case despite the numerous Court orders clarifying otherwise; and

c. The steps taken by SSA to ensure that this oversight has been remedied throughout the administrative record.

5. **The Clerk of Court is also respectfully directed to mail a copy of this order to Plaintiff's address as reflected on ECF.**

SO ORDERED.

Dated: New York, New York
November 13, 2026

Jennifer E. Willis
JENNIFER E. WILLIS
United States Magistrate Judge

New York County Lawyers Association
Social Security SDNY Project
Pro Bono Programs

**To all individuals who have Social Security or Supplemental Security Income cases:**

The New York County Lawyers Association has provided free legal assistance to thousands of people who cannot afford lawyers. If you cannot afford a lawyer, you may qualify for free legal representation in your appeal in the Southern District of New York.

If you would like to consult with a lawyer, please call Carolyn A. Kubitschek, at (212) 349-0900. We cannot promise that everyone who calls will get a lawyer, but we are committed to providing as many individuals as possible with free legal representation in their federal appeals.

Sincerely,

Anthe Maria Bova

Anthe Maria Bova

General Counsel & Director of Pro Bono Programs